UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 24-cv-11607 <br><br> Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT
(ECF NOS. 10, 12)**

I.  **Introduction**

Plaintiff Susan R. appeals the final decision of defendant Commissioner of Social Security (Commissioner) to deny her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions and consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c). ECF No. 9; ECF No. 10; ECF No. 12.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter

---

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff challenges the ALJ's assessment of her residual functional capacity (RFC), arguing that the ALJ disregarded her manipulative limitations and symptoms like pain, nausea, vomiting, fatigue, incontinence, and leg swelling. ECF No. 10, PageID.1234-1240. Addressing plaintiff's manipulative limitations, the ALJ found:

> An orthopedic specialist has diagnosed the claimant with trigger finger of the left thumb and bilateral ring fingers and lateral epicondylitis of the right elbow. [ECF No. 6-1, PageID.562, 564.] While diagnostic scans have also confirmed degenerative changes in the right elbow and mild degenerative changes at the carpometacarpal joints bilaterally, the evidence of record demonstrated no additional upper extremity limitations are warranted and she can perform sedentary work as described above. [*Id.*] Although physical examinations occasionally suggested elbow and left thumb tenderness, finger locking, and pain with range of motion testing, healthcare providers consistently revealed she had full range of motion of the bilateral fingers, wrists, and with negative Tinel, Phalen's, and hyperflexion tests. [*Id.*, PageID.562, 564, 1080-1081, 1211.] According to treatment notes, she only sought treatment about every six months with complaints of elbow and finger pain she insisted causes problems gripping and holding onto objects. [*Id.*, PageID.562, 564, 989, 1080.] Her doctor also indicated that steroid injections, rest, and ice provided good relief of symptoms. [*Id.*, PageID.564, 989, 1081.] As noted earlier, she reported she can use the upper extremities to perform activities of daily living like working as a part-time data entry clerk, folding laundry, and driving. [*Id.*, PageID.83-86, 96-97, 278-285, 298-305.] I also emphasize that she did not testify to any elbow or finger pain.

ECF No. 6-1, PageID.38 (cleaned up). This summary is accurate.

Plaintiff cites evidence that she believes supports a more restrictive RFC. ECF No. 10, PageID.1234-1236. But the ALJ considered those records. And even if evidence in the record could support greater manipulative limitations, substantial evidence supports the ALJ's decision otherwise, so her decision should be affirmed. *Cutlip*, 25 F.3d at 286.

Plaintiff also argues that the ALJ discounted her episodic symptoms of pain, nausea, vomiting, fatigue, incontinence, and leg swelling, which would require absences and unscheduled breaks. ECF No. 10, PageID.1236-1240. The ALJ discussed those symptoms:

> The claimant has a longstanding history of diabetes mellitus. [ECF No. 6-1, PageID.396.] According to treatment notes, her diabetes is associated with polyneuropathy and gastroparesis. [*Id.*, PageID.1070.] She has also been diagnosed with GERD. [*Id.*, PageID.921.] I acknowledge that testing occasionally revealed elevated blood sugar levels, a November 2020 gastric emptying study suggested delayed gastric emptying, a May 2022 test revealed reflux and other abnormal findings, and a January 2023 nerve conduction study was abnormal with electrodiagnostic evidence of sensorimotor peripheral neuropathy without ongoing denervation. [*Id.*, PageID.106, 796, 1097, 1112.] However, while physical examinations occasionally suggested decreased sensation and reflexes of the lower extremities, and her doctor mentioned she was no longer able to afford her insulin pump, healthcare providers consistently determined she had normal coordination, gait, strength, sensation, and coordination. [*Id.*, PageID.1062, 1074, 1095, 1165, 1178, 1191, 1207-1208, 1211-1212.] Contrary to her assertions of persistent fatigue, weakness, pain, digestive issues, leg swelling, and balance problems, her

> endocrinologist consistently indicated she related feeling generally well upon presentation. [*Id.*, PageID.831, 842, 1126, 1160, 1173.]  As she testified, medical professionals noted that Botox injections provided several months of relief from her gastroparesis symptoms and that her gastroparesis and neuropathy were stable. [*Id.*, PageID.106, 566, 1070.] Treatment notes also indicated her leg swelling improved with compression socks. [*Id.*, PageID.645].  Additionally, no acceptable medical source has suggested any aggressive treatment like surgical intervention for any of these conditions. Rather, in evidence submitted after the hearing, her neurologist merely advised her to use a CPAP, control her blood sugar levels, and take an increased gabapentin dose to alleviate her complaints of persistent muscle fatigue and pain. [*Id.*, PageID.1211-1212.]
>
> . . . .
>
> Even though the claimant occasionally presented for treatment with complaints of bilateral lower extremity swelling, weakness, persistent muscle fatigue, and pain, medical professionals confirmed that her leg edema was well controlled with socks, as the claimant testified, and merely recommended conservative treatment like keeping her blood sugar controlled to improve her other symptoms. [*Id.*, PageID.416, 645, 1094, 1211-1212.] Additionally, physical examinations consistently revealed relatively normal gait, cardiac, and respiratory findings with no signs of distress or lower extremity edema. [*Id.*, PageID.566, 569-570, 574, 648, 698, 835, 846, 926, 1061, 1066, 1074, 1165, 1178, 1191.]

ECF No. 6-1, PageID.37-38 (cleaned up).  This summary is also accurate.

And although plaintiff emphasizes medical records that could support a more restrictive RFC, *see* ECF No. 10, PageID.1236-1238, the Court must reject her invitation to reweigh the evidence, *Hatmaker*, 965 F. Supp. at 930.

Plaintiff correctly argues that the ALJ did not explicitly address whether she would need unscheduled breaks because of her urinary and bowel incontinence.  *Id.*, PageID.1237-1238.  But the ALJ did generally find that plaintiff's gastrointestinal issues were well controlled with conservative measures, as quoted above.  And any error in this regard would be harmless, as plaintiff has not sustained her burden of showing that she needed a more restrictive RFC.  *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).  Although plaintiff was diagnosed with urinary incontinence and reported episodes of urinary leakage once a day, she did not need to wear a pad.  ECF No. 6-1, PageID.1128-1129, 1136-1137.  Plaintiff told her doctor that 10% of her bowel movements were uncontrolled, with accidental loss of stool once a week.  *Id.*, PageID.1137.  But she only wore a pad "at times" and reported this condition as a "tertiary concern" that was "less of a problem," opting to defer treatment.  *Id.*, PageID.1129, 1137, 1140.  Because plaintiff has not shown that her incontinence warrants greater functional limitations, the ALJ's failure to discuss the issue in detail is harmless.  *See Ashley v. Comm'r of Soc. Sec.*, No. 17-11821, 2018 WL 5118594, at *8 (E.D. Mich. Aug. 23, 2018), *adopted*, 2018 WL 4576679 (E.D. Mich. Sept. 25, 2018).

Plaintiff next challenges the ALJ's evaluation of her subjective symptoms.  ECF No. 10, PageID.1240-1244.  The regulations set forth a two-step process for evaluating a plaintiff's subjective symptoms.  First, the ALJ evaluates whether objective medical evidence of an underlying condition exists and whether that condition could reasonably be expected to produce the alleged symptoms.  20 C.F.R. § 404.1529(a); Social Security Ruling (SSR) 16-3p.  If so, the ALJ assesses any work-related limitations by determining the limiting effects of these symptoms.  20 C.F.R. § 404.1529(a); SSR 16-3p.  In sum, ALJs assess whether the symptoms claimed are "consistent with the objective medical and other evidence in the individual's record."  SSR 16-3p.

To evaluate the limiting effects of subjective symptoms, ALJs consider all available evidence, including the plaintiff's history, laboratory findings, statements by the plaintiff, and medical opinions.  20 C.F.R. § 404.1529(a).  Although a plaintiff's description of her symptoms will "not alone establish that [she] is disabled," *id.*, the ALJ may not disregard the plaintiff's subjective complaints because they lack substantiating objective evidence, SSR 16-3p.  Without objective evidence, ALJs are to consider a plaintiff's daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; the type, dosage, and side

effects of medication to alleviate symptoms; and any other treatment or measures used to relieve pain. 20 C.F.R. § 404.1529(c)(3).

The ALJ accurately summarized plaintiff's reported symptoms and concluded that the alleged "intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." ECF No. 6-1, PageID.36-37. Most of the ALJ's reasoning is quoted above.

Plaintiff argues that the ALJ ignored "the fluctuating and episodic nature" of her symptoms and selectively relied on normal findings in the record. ECF No. 10, PageID.1240-1241. The ALJ considered the records plaintiff cites but found that other evidence conflicted with the need for greater restrictions, as detailed above. *See* ECF No. 6-1, PageID.37-39. Plaintiff's reliance on the cited medical records is unavailing because she has not shown that the ALJ's rationale was flawed; instead, she asks the Court to impermissibly reweigh the evidence. *See DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (arguing that the ALJ "cherry-picked" the record "is seldom successful because crediting it would require a court to re-weigh record evidence").

Next, plaintiff argues that the ALJ did not fully address the effectiveness of Botox in treating her gastroparesis. ECF No. 10,

8

PageID.1241.  The ALJ noted plaintiff's testimony that she gets Botox every nine months and that her symptoms worsen when the injections wear off.  ECF No. 6-1, PageID.36, 89-90.  As the ALJ discussed, plaintiff reported to her doctors that Botox afforded five to six months of symptom relief.  *Id.*, PageID.37, 565, 645, 1070.  Plaintiff has not shown that she cannot get Botox injections more often to prevent symptom relapse.

Last, plaintiff challenges the ALJ's evaluation of her daily activities, claiming that she ignored testimony that the activities were performed with accommodations or on a limited basis.  ECF No. 10, PageID.1242-1243.  But the ALJ did note her testimony that she works 20 hours or less per week, is assigned easier tasks to accommodate her symptoms, needs to elevate her legs after work, and sometimes only "helps" with chores like cooking.  ECF No. 6-1, PageID.32, 36-37.  And the ALJ's summary of plaintiff's daily activities is otherwise accurate.

Citing *Rogers v. Comm'r of Soc. Sec.*, plaintiff argues that her daily activities differed from typical work demands.  ECF No. 10, PageID.1243.  But *Rogers* is an inapt comparison.  In that case, the ALJ's entire rationale for discrediting the plaintiff's fibromyalgia symptoms was unsound.  486 F.3d 234, 248-49 (6th Cir. 2007).  Although the ALJ noted the lack of objective medical evidence, the Sixth Circuit recognized that fibromyalgia

9

often cannot be diagnosed with objective data. *Id.* The ALJ also mischaracterized the plaintiff's testimony about her daily activities and suggested that light housekeeping, driving for a few minutes, preparing simple meals, and opening a door to let a dog out were akin to normal work activities. *Id.* Unlike *Rogers*, the medical records support the ALJ's conclusion that plaintiff is capable of physical activity. And plaintiff's daily activities of part-time work, laundry, making her bed, helping with cooking, shopping in stores, and driving a car bolster that conclusion. *See* ECF No. 6-1, PageID.83, 97, 280-281.

## II. Conclusion

The Court thus **DENIES** plaintiff's motion for summary judgment (ECF No. 10), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 12), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: July 8, 2025

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 8, 2025.

                                           s/Davon Allen
                                           DAVON ALLEN
                                           Case Manager